**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **REED L. ROBERTS,** § | |
| **TDCJ No. 01586492,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CIVIL NO. SA-20-CA-1389-XR** |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Reed L. Roberts's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 12), and Petitioner's Reply (ECF No. 14) thereto. Petitioner challenges the constitutionality of his 2009 state court convictions for aggravated sexual assault and indecency with a child, arguing: (1) his trial counsel rendered ineffective assistance, (2) his guilty pleas were involuntary because the confession used to obtain them was involuntary, and (3) his convictions were the result of a vindictive prosecutor who held a personal bias against him. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. <u>Background</u>

In July 2009, Petitioner plead guilty in Kendall County to two counts of aggravated sexual assault and one count of indecency with a child by contact. *State v. Roberts*, Nos. 4909, 4953 and 4954 (216th Dist. Ct., Kendall Cnty., Tex. July 9, 2009); (ECF Nos. 13-18 at 215-17, 13-49 at 125-27, 13-70 at 120-22). Petitioner was sentenced to eighty years of imprisonment for each of the aggravated sexual assault counts and ten years of imprisonment for the indecency count, with the eighty-year sentences to run concurrently and the ten-year sentence to run consecutively to the eighty-year sentences. *Id*. Although he retained his right to appeal, Petitioner did not directly appeal his convictions and sentences.

Instead, Petitioner waited until November 13, 2015, to challenge his convictions by filing three state habeas corpus applications. *Ex parte Roberts*, Nos. 84,648-01, -02, and -03 (Tex. Crim. App.); (ECF Nos. 13-17 at 25, 13-47 at 27, 13-68 at 21). The Texas Court of Criminal Appeals eventually denied these applications in a written order dated March 1, 2017. *Ex parte Roberts*, 2017 WL 2570186 (Tex. Crim. App.); (ECF No. 13-26). Petitioner appealed this decision to the United States Supreme Court, but his petition for certiorari was denied October 2, 2017. *Roberts v. Texas*, 138 S. Ct. 197 (2017); (ECF No. 13-15). His request for rehearing was later denied on December 4, 2017. *Roberts v. Texas*, 138 S. Ct. 538 (2017); (ECF No. 13-16).

Petitioner then placed the instant federal habeas petition in the prison mail system on November 30, 2020. (ECF No. 1 at 11).

## II. <u>Timeliness Analysis</u>

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions all became final Monday, August 10, 2009, when the time for appealing the judgments and sentences expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions expired a year later on August 10, 2010. Because Petitioner did not file his § 2254 petition until November 30, 2020—well over ten years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.     Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State

---

[1]     Because the thirtieth day was a Saturday, Petitioner's convictions became final the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

3

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant convictions by filing three applications for state post-conviction relief in November 2015. But as discussed previously, Petitioner's limitations period for filing a federal petition expired in August 2010. Because the state habeas applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in November 2020, is still over ten years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of

the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his July 2009 guilty pleas and subsequent convictions, yet Petitioner did not submit his state habeas corpus applications challenging these convictions until November 2015, over six years after his convictions had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, Petitioner fails to provide any legitimate reason why he waited another three years following the United States Supreme Court's denial of his request for rehearing in December 2017 before filing the instant petition in this Court.

Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by more than ten years and provided no reasonable justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Reed L. Roberts's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 26th day of July, 2021.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**